UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FARM FAMILY LIFE INSURANCE COMPANY, | * * * |
| Plaintiff, | * * |
| v. | * Civil Action No. 17-cv-10377-IT * |
| ELIZABETH BARKER, AS TRUSTEE OF THE BARKER IRREVOCABLE TRUST, | * * * * |
| Defendant. | * |

MEMORANDUM AND ORDER
September 6, 2018

TALWANI, D.J.

Plaintiff Farm Family Life Insurance Company ("Farm Family") brought this action seeking declaratory relief and reformation of an insurance contract. Compl. [#1]. Defendant Elizabeth Barker, Trustee of the Barker Irrevocable Trust ("Trustee"), raised as an affirmative defense that Farm Family's claims were barred by its unclean hands, First Am. Answer and Affirmative Defenses [#24], and Farm Family sought partial summary judgment as to this affirmative defense. Mot. for Partial Summ. J. [#27]. Now before the court is the Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Partial Summary Judgment [#48] recommending that the court grant Farm Family summary judgment on the Trustee's affirmative defense, the Trustee's Objections [#49] thereto, and Farm Family's Response [#50]. After *de novo* review of those portions of the Report and Recommendation to which the Trustee objects, the Report and Recommendation is adopted for the reasons set forth therein and below.

The Trustee raises three related objections: (1) that the Report and Recommendation failed to draw an inference from Farm Family's actions in 2016 that Farm Family fraudulently

intended to deceive the Trustee as to the Guaranteed Cash Surrender Values of the 1998 policy; (2) that the Report and Recommendation's purported finding that Farm Family did not attempt to rely on the Replacement Policy to obtain relief or to benefit from the Replacement Table was counter to the factual record; and (3) that the Report and Recommendation's conclusion and reasoning that the unclean hands defense does not apply was wrong, and in any event should not be determined without a full trial record. Def.'s Objs. to R. & R. 2 [#49]. These objections are addressed together.

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). Here, the inferences and findings sought by the Trustee are not material. Even assuming that Farm Family fraudulently intended in 2016 to deceive the Trustee as to the 1998 policy, and that Farm Family did so for its own benefit, the Trustee's affirmative defense of unclean hands does not bar the claims brought by Farm Family concerning the 1998 policy.

If the Trustee had evidence from which to infer that Farm Family engaged in fraud in issuing the policy in 1998, such an inference would be material to the equitable claims brought by Farm Family. See Scattaretico v. Puglisi, 60 Mass. App. Ct. 138, 144, 799 N.E.2d 1258, 1262 (2003) (giving examples of "suits to rescind transactions which are aborted and dismissed when it turns out the plaintiff participated in the wrong that is the ground for the rescission"). And if the Trustee had reasonably relied to her detriment on Farm Family's 2016 actions (for example, by accepting the lower payment), and now sought to prove a claim for promissory estoppel (arising in 2016 or later), Farm Family's actions and intentions in 2016 would be material. But no such allegations of detrimental reliance or claims for promissory estoppel are at issue here.

"The doctrine of unclean hands only applies when the claimant's misconduct is directly

related to the merits of the controversy between the parties, that is, when the tawdry acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'" Texaco P.R., Inc. v. Dep't of Consumer Affairs, 60 F.3d 867, 880 (1st Cir. 1995) (quoting Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245, 54 S. Ct. 146, 148, 78 L. Ed. 293 (1933)). Here, the merits of the controversy concern the issuance of the 1998 policy. Even drawing all inferences sought by the Trustee, the "tawdry acts" are not material to the issuance of the policy in 1998. Thus, they do not relate to the merits of the underlying claim, and do not give rise to the affirmative defense sought by the Trustee to bar Farm Family's claims.

For the foregoing reasons, and the reasons set forth therein, the court adopts the Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Partial Summary Judgment [#48], grants Farm Family's Motion for Partial Summary Judgment [#27], and strikes the Trustee's Fourth Affirmative Defense set forth in her First Amended Answer and Affirmative Defenses [#24].

    IT IS SO ORDERED.

Date: September 6, 2018                  /s/ Indira Talwani
                                                             United States District Judge